UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHLEEN McCARTY,

    Plaintiff,

v.                                                CASE NO: 8:06-cv-1391-T-26TBM

PRECISION AIRMOTIVE CORPORATION, et al.,

    Defendants.
_____/

**O R D E R**

Before the Court is Plaintiff's Motion for Remand and Supporting Memorandum (Dkts. 12 & 13), and Defendants' Memorandum of Law in Opposition. (Dkt. 23) After careful consideration of the Motion and Memoranda, together with all the exhibits, the Court concludes that the Motion should be granted.

Plaintiff filed a wrongful death and survival action in state court alleging negligence and products liability in connection with an airplane crash on May 20, 2004, in which the pilot, Ricky Unger, was killed near Venice, Florida. (Dkt. 2) Plaintiff alleges that the 0-540-E4B5 engine, which was installed on the Piper PA-32-260 single-engine aircraft with Federal Aviation Administration (FAA) registration number N3331

W (the accident aircraft),[1] as well as the carburetor mounted to the engine,[2] were defectively designed and manufactured and such defective design and manufacture was the cause of the accident. (Dkt. 2) Plaintiff also states causes of action for failure to warn and to provide sufficient installation and post-installation instructions regarding the carburetor and the concealment of dangerous incidents from the FAA pertaining to the engine. Plaintiff contends that problems existed with the engine and carburetor as long ago as the 1960s. Asserting federal question jurisdiction, Defendants removed this action to this Court. (Dkt. 1)

In their Notice of Removal and Memorandum in Opposition, Defendants assert that the type of original federal question jurisdiction that controls this case is defined in Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 125 S.Ct. 2363 (2005). Grable discusses a particular variety of federal question jurisdiction which lies over state-law claims when "significant federal issues" are implicated. Grable, 125 S.Ct. at 2367. The "arising under" jurisdiction addressed in Grable has been recognized for those very limited situations in which federal issues are "substantial . . . , indicating a serious federal interest in claiming advantages thought to be inherent in a federal forum." Grable, 125 S.Ct. at 2367. The Supreme Court cautions, however, that "the possibility of upsetting the state-federal line drawn (or at least assumed) by Congress" warrants "an

---

[1] See docket 2 at para. 17.

[2] The 0-540 is a carbureted six cylinder FAA-approved engine. See docket 2 at para. 107. The carburetor is a Marvel-Schebler Model MA 4-5. See docket 1 at pg. 2.

assessment of any disruptive portent in exercising federal jurisdiction." Grable, 125 S.Ct. at 2368. To that end, the Supreme Court articulates the test as whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 125 S.Ct. at 2368.

Plaintiff argues that this case should be remanded because the scenario does not fit within the limited exception espoused in Grable, citing other federal district court opinions that have held that state tort law claims in aviation accident cases do not fall within the dictates of Grable.[3] These cases, although not binding in the Eleventh Circuit, lend support to Plaintiff's position that cases involving state law tort claims arising from airplane accidents do not contain "substantial" or "significant" federal issues triggering resort to exercising subject matter jurisdiction under the auspices of federal question. The courts in these cited cases recognize that the Federal Aviation Act, along with the regulations of the FAA, set the guidelines and standards for aviation safety. The fact that FAA rules and regulations may be relevant to defining the duty of care in a negligence case or the standard in a products liability case, however, does not elevate a typical state-law tort claim to one requiring resolution in a federal forum. In any event, neither side

---

[3] See XL Specialty Co. v. Village of Schaumburg, 2006 WL 2054386, at *3 (N.D. Ill. 2006); Glorvigen v. Cirrus Design Corp., 2006 WL 399419, at *2-3 (D. Minn. 2006); Saratino v. American Airlines, Inc., 2006 WL 2406024, at *7 (E.D. Mo. 2005); Wandel v. American Airlines, Inc., 2006 WL 2406017, at *8 (E.D. Mo. 2005).

has cited a case in the Eleventh Circuit on point, and independent research has not revealed any.[4]

Since Grable, the Supreme Court has characterized the federal question jurisdiction recognized there as part of a "special," "small," and "slim" category. Empire Healthchoice Assur., Inc. v. McVeigh, 126 S.Ct. 2121, 2136-37 (2006). The Court emphasized that to find a Grable exception to the well-pleaded complaint rule, the federal question must be "substantial" or "significant" such as one revolving around a federal agency's interpretation of a federal statute and what actions are required by that statute to be taken by that particular agency. McVeigh, 126 S.Ct. at 2137. Such were the circumstances in Grable with respect to the Internal Revenue Service (IRS) seizing real property in view of the method and sufficiency of the notice given by the IRS. In Grable, although the case was before the court on a state law quiet title action, the resolution of the matter involved the interpretation of a specific provision of the Internal Revenue Code which would affect countless cases in which the IRS collects delinquent taxes. In contrast, the claim in McVeigh, embodied a health insurance carrier's attempt for reimbursement of medical claims it had paid to the injured state court litigant, after the state law tort claim settled and the carrier had failed to participate in that lawsuit. The

---

[4] See also Sullivan v. BNSF Railway Co., 2006 WL 2390330, at *2-3 (D. Ariz. 2006) (declining to exercise federal jurisdiction under Grable in a case involving a train wreck).

Supreme Court in McVeigh stressed that Grable was not intended to expand the already existent "substantial" federal question jurisdiction.

This aviator accident case has nothing in common with Grable. It has not been alleged or asserted that a federal agency acted in some way contrary to the FAA regulations. The Defendants are non-governmental entities, some of which have been alleged to have concealed detrimental information regarding the subject engine and carburetor from the FAA. There is simply no implication that a federal agency's activity, or lack thereof, will cause a likelihood of inconsistency in state and federal law or thwart uniformity of federal law.

Applying Grable and McVeigh to this wrongful death and survival action, the Court concludes that it remains a garden variety state-law tort case which does not raise a "significant" or "substantial" federal issue mandating resolution by this Court.[5] State courts are well-equipped to conduct products liability cases involving design and manufacture claims such as this one of the accident aircraft. State court judges have been presiding over such cases for decades without disturbing any established balance between federal and state responsibilities.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)   Plaintiff's Motion for Remand (Dkt. 12) is **GRANTED**.

---

[5] This characterization of the case is not meant to minimize the seriousness of Plaintiff's allegations and the loss of the decedent's life in this tragic accident.

-5-

(2)    The Clerk shall remand this case to the Twelfth Judicial Circuit in and for Sarasota County, Florida.

(3)    After remand, the Clerk shall close this case.

**DONE AND ORDERED** at Tampa, Florida, on September 14, 2006.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record